IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-11016
Summary Calendar
_____

ALFREDO C. BACANI, M.D.,

Plaintiff-Appellant,

versus

DEPARTMENT OF VETERANS AFFAIRS,
(DVA); TOGO WEST, Secretary, DVA,

Defendants-Appellees.

_____

Appeal from the United States District Court for the
Northern District of Texas
USDC No. 3:98-CV-1728-G

_____

May 18, 2000

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Alfredo C. Bacani, M.D., appeals the district court's dismissal of his complaint for lack of subject matter jurisdiction. Bacani argues that the Administrative Procedures Act ("APA") provides the basis for subject matter jurisdiction. 5 U.S.C. § 702-704. He contends that even if he has not demonstrated a "final agency action" for purposes of the APA, the district court should have exercised jurisdiction under the

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

exception set forth in <u>Leedom v. Kyne</u>, 358 U.S. 184 (1958).  He argues that the existence of subject matter jurisdiction is supported by 28 U.S.C. §§ 1331 and 3001 when read in conjunction with 28 U.S.C. § 2201.  Bacani requests that this court rule on his motions for class-action certification, for summary judgment, and on his "multipurpose motion," all of which were denied as moot by the district court, if this court determines that the district court erred in dismissing his complaint for lack of subject matter jurisdiction.

We review <u>de novo</u> a district court's dismissal for lack of subject matter jurisdiction.  <u>Musslewhite v. State Bar of Texas</u>, 32 F.3d 942, 945 (5th Cir. 1994).  For essentially the reasons set forth in the district court's memorandum order, we affirm the dismissal of Bacani's complaint for lack of subject matter jurisdiction.  <u>Bacani v. Department of Veteran Affairs</u>, No. 3:98-CV-1728-G (N.D. Tex. Aug. 25, 1999). Bacani has not presented the sort of "extraordinary situation" in which judicial intervention under the <u>Kyne</u> doctrine is warranted.  <u>See</u> <u>Kirby Corp. v. Pena</u>, 109 F.3d 258, 268-69 (5th Cir. 1997).  Because the district court lacked subject matter jurisdiction, it did not err in denying as moot Bacani's motions for class-action certification, for summary judgment, and in denying his "multipurpose motion."

A F F I R M E D.

2